**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN, P. J., and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 7, 2021**

# In the Court of Appeals of Georgia

A19A0445. NORMAN et al. v. XYTEX CORPORATION et al.

REESE, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, *Norman v. Xytex Corporation*,[1] ("*Norman I*"), Wendy and Janet Norman ("the Normans") appealed the trial court's ruling granting in part and denying in part the motion to dismiss filed by Xytex (Xytex Corporation and Xytex Cryo International, LTD), J. Todd Spradlin, and Mary Hartley ("the Defendants") for damages based on sperm provided by Xytex, which resulted in the birth of the Normans' child. We affirmed the trial court's ruling.

---

[1] 350 Ga. App. 731 (830 SE2d 267) (2019).

In *Norman v. Xytex Corporation*,[2] (*"Norman II"*), the Supreme Court of Georgia granted certiorari to consider whether we erred in affirming the trial court's ruling on the Defendants' motion to dismiss. The Supreme Court affirmed our holding that it was appropriate to dismiss the Normans' claims that would require recognizing their child's life as an injury because "Georgia law does not recognize claims for damages that depend on life as an injury."[3] However, the Supreme Court also held that, "[g]iven the allegations in the complaint, the [Normans] have asserted at least some damages that are not necessarily dependent on recognizing [the child's] life as an injury[,]"[4] and that "claims arising from specific impairments caused or exacerbated by [the Defendants'] alleged wrongs may proceed, as may other claims that essentially amount to ordinary consumer fraud."[5] The Supreme Court, therefore, reversed our judgement to the extent it held "that *Abelson* barred nearly all of the [Normans'] claims," and remanded the case to determine which claims may proceed.[6]

[2] 310 Ga. 127 (848 SE2d 835) (2020).

[3] Id. at 133 (2) (b).

[4] Id. at 138 (2) (e).

[5] Id. at 128.

[6] Id. at 138 (2) (e) (citing *Atlanta Obstetrics & Gynecology Group v. Abelson*, 260 Ga. 711 (398 SE2d 557) (1990)).

2

The Supreme Court stated that we could make this determination, or remand the case and allow the trial court to determine which claims could proceed.

Now that the case is before us on remand, we vacate our opinion in *Norman I*, and adopt the Supreme Court's opinion in *Norman II* as our own. We therefore affirm in part and reverse in part the trial court's ruling on the Defendants' motion to dismiss and remand to the trial court with instruction to determine, consistent with the Supreme Court's holding in *Norman II*, whether and to what extent the Normans have adequately pled claims for review that do not derive their injury from their child's life itself.

*Judgment affirmed in part and reversed in part, and case remanded. Miller, P. J., and Rickman, P. J., concur*.